**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000514
20-AUG-2024
08:15 AM
Dkt. 52 SO**

CAAP-20-0000514

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NANCY E. MCGEE, Plaintiff/Appellant-Appellant, v.
CAMPAIGN SPENDING COMMISSION, STATE OF HAWAIʻI,
CALVIN K.Y. SAY, AND FRIENDS OF CALVIN SAY,
an unincorporated candidate committee,
Defendants/Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC151000491)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Plaintiff-Appellant Nancy E. McGee (**McGee**) appeals from the August 17, 2020 Judgment (**Judgment**) entered against her and in favor of Defendants-Appellees Calvin K.Y. Say and Friends of Calvin Say (collectively, **Say**) and Defendant-Appellee Campaign Spending Commission, State of Hawaiʻi (**Commission**) in the Circuit Court of the First Circuit (**Circuit Court**).[1] McGee also challenges the Circuit Court's (1) July 17, 2019 Order Granting in Part and Denying in Part [Say's] Motion to Dismiss or, in the

---

[1] The Honorable James H. Ashford presided.

Alternative, for Summary Judgment, Filed May 20, 2019, and [Commission's] Substantive Joinder in [Say's] Motion to Dismiss or, in the Alternative, for Summary Judgment, Filed May 24, 2019 (**Order Dismissing Count IV**); and (2) August 17, 2020 Order Denying [McGee's] Renewed Motion for Summary Judgment and Granting [Commission's] Second Motion for Summary Judgment as to Count V (**Order Dismissing Count V**).

McGee raises three points of error on appeal, contending that the Circuit Court erred in:  (1) granting summary judgment on Count V of McGee's Complaint on the grounds that the Commission's procedure does not constitute a rule as defined by Hawaii Revised Statutes (**HRS**) § 91-1 (2012) because it is an internal management procedure; (2) granting summary judgment on Count V on the grounds that the Commission's procedures for delegating authority do not affect private rights of or procedures available to the public; and (3) granting summary judgment on Count IV of McGee's Complaint on the basis that the Commission's statement, which was the subject of Count IV, was adjudicatory in nature and not a rule subject to challenge under HRS § 91-7 (2012).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve McGee's points of error as follows:

(1 & 2)  The key allegation in Count V is that "[t]he Commission has a custom or practice of allowing its staff to make

2

determinations which make statements of general or particular applicability and future effect that implement, interpret, or prescribe law or policy."  The Circuit Court concluded that the Commission's practice and procedure (**Procedure**) was an internal delegation of authority from the Commission to its staff members to make legal determinations, but that the Procedure did not impact the private rights of or procedures available to the public because it was not the policy or procedure of the Commission for staff to dispose of complaints without Commission action.  Accordingly, the Circuit Court concluded that the Procedure was not a rule under HRS § 91-1.

Under HRS § 91-1(4):

(4)     "Rule" means each agency statement of general or particular applicability and future effect that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice requirements of any agency.  The term does not include regulations concerning only the internal management of an agency and not affecting private rights of or procedures available to the public, nor does the term include declaratory rulings issued pursuant to section 91-8, nor intra-agency memoranda.

(Emphasis added).

McGee argues that the Commission's unwritten rule delegates authority to Commission staff to implement, interpret, or prescribe policy by allowing staff to respond to inquiries from the public without actual action by the Commission; and thus, the internal management exception does not apply.

The internal management exception applies where internal agency regulations do not affect the private rights of the public or any procedures available to the public; this

exception occurs when, for example, the private rights of the public or any procedures available to the public are indirectly affected by internal agency regulations.  See Kawashima v. State, 140 Hawaiʻi 139, 152-53, 398 P.3d 728, 741-42 (2017).

The internal management exception does not apply where the private rights of the public or any procedures available to the public are directly affected.  See id. at 153, 398 P.3d. at 742; see also Green Party of Haw. v. Nago, 138 Hawaiʻi 228, 243, 378 P.3d 944, 959 (2016); Aguiar v. Haw. Hous. Auth., 55 Haw. 478, 488-89, 522 P.2d 1255, 1262-63 (1974).

McGee argues in part that the private rights and procedures available to the public are directly affected by the Commission's delegation of authority to the Commission staff because "the manner in which staff make determinations directly affects the public's right to know about campaign finances and in a slightly more narrow way, candidate's committees' interests." McGee's arguments are without merit.  Only the Commission, not Commission staff, may make binding Commission determinations upon a complaint filed with the Commission.  See HRS §§ 11-401 to 11-411 (Supp. 2021).  With respect to campaign finances, any member of the public may view the source of a candidate's financial support by viewing the candidate's contribution report on the Commission's website.  See HRS § 11-331 (Supp. 2023).

McGee points to 68 pieces of email correspondence sent by Commission staff.  However, a review of the emails does not support McGee's arguments.  In each instance, Commission staff

responds to public inquiries, but does not make binding determinations (for example, numerous emails state qualifiers such as "Use of E-Mail Limited:  E-mail messages to Commission staff shall not be considered or construed to be a request for an advisory opinion to the Commission under HRS § 11-315, nor shall e-mail messages from Commission staff be considered or construed to be an advisory opinion rendered by the Commission.").  In none of the emails provided did Commission staff dispose of a complaint, make a binding determination, or otherwise affect the rights and procedures available to the public.  Commission staff, in all instances, provided responses to public inquiries, with appropriate qualifiers, putting the public on notice that no official Commission action was being taken.

Finally, McGee argues that the Circuit Court improperly relied on certain Commission declarations.  This argument is without merit.  The challenged declarations simply averred, in sum, that it is not Commission policy for staff to dispose of complaints without Commission action.

(3)  McGee argues that the Circuit Court erred in entering summary judgment on the unlawful rule-making claim in Count IV because the June 18, 2014 letter (**June 2014 Letter**) from Commission staff to Say constituted unlawful rule-making.  McGee argues that the June 2014 Letter guided future conduct, as it did guide the future conduct of Say, and thus the June 2014 Letter was a rule within the meaning of HRS § 91-1.

First, the June 2014 Letter was not a binding determination by the Commission; McGee's complaint was later

heard by the Commission despite the June 2014 Letter. Moreover, it was adjudicatory in nature, inasmuch as it addressed whether particular expenditures were ordinary and necessary expenses in connection with a particular candidate's duties as an office holder. Accordingly, we conclude that the Circuit Court did not err in concluding that the subject of Count IV was not a rule subject to challenge under HRS § 91-7.

For these reasons, the Circuit Court's August 17, 2020 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, August 20, 2024.

On the briefs:

Lance D. Collins,
(Law Office of Lance D. Collins),
  and
Bianca Isaki,
(Law Office of Bianca Isaki),
for Plaintiff/Appellant-
 Appellant.

Bert T. Kobayashi, Jr.,
Maria Y. Wang,
(Kobayashi Sugita & Goda),
for Defendants/Appellees-
 Appellees CALVIN K.Y. SAY and
 FRIENDS OF CALVIN SAY, an
 unincorporated candidate committee.

Patricia Ohara,
Candace J. Park,
Deputy Attorneys General,
for Defendant/Appellee-Appellee
 CAMPAIGN SPENDING COMMISSION,
 STATE OF HAWAIʻI.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge